**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| IN RE MANPOWER OF LANSING, MI, INC., DATA BREACH LITIGATION | ) ) ) ) ) ) ) ) ) ) ) **Civil Action No. 1:25-cv-956-PLM-PJG** <br><br> **ORAL ARGUMENT REQUESTED** |

**MANPOWER OF LANSING, MI, INC.'S**
**REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'**
**COMPLAINT AND / OR COMPEL ARBITRATION**

37690362.1

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii-iii

1. Plaintiffs' Alleged Possible Future Injuries Do No Confer Article III Standing Because They Are Not Concrete, Actual or Imminent ................................. 1

2. Plaintiffs Fail to Satisfy Michigan's Present-Injury Requirement in Support of Their Negligence *Per Se* Claims .............................................................................. 3

3. Plaintiffs' Breach of Contract Claim is Invalid for Lacking Consideration ................ 6

4. Plaintiffs' Allegations Do Not Establish an Independent Benefit Conferred............... 6

5. The Federal Arbitration Act Requires that Plaintiffs Brooks, Harmon, and Doublin Be Dismissed Based on their Unambiguous Agreements to Arbitrate .......... 7

37690362.1

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149, 158 (2014)...................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 570 (2007)...................................................................................... 5

*Belle Isle Grill Corp. v. City of Detroit*,
   256 Mich. App. 463, 478 (2003).......................................................................... 6

*Brooke v. People Bank*,
   732 F. Supp. 3d 765 ............................................................................................. 2

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013).......................................................................................... 2, 3

*Craig v. Oakwood Hosp.*,
   471 Mich. 67, 86-87 (2004) ................................................................................. 5

*In re Grede Holdings LLC Data Breach Litigation*,
   Case No.: 25-cv-10831 (E.D. Mich. February 12, 2026) .............................. 4, 5, 6

*Johnson v. Nice Pak Prods*,
   736 F. Supp. 3d 639, 652 (S.D. Inc. 2024).......................................................... 7

*Landstar Express Am., Inc. v. Nexteer Auto. Corp.*,
   319 Mich. App. 192, 205 (2017).......................................................................... 6

*Lochridge v. Quality Temporary Services, Inc.*,
   2023 WL 2303577 at *7 (E.D. Mich. 2023) ..................................................... 3, 7

*Lund v. Travelers Indem. Co. of Am.*,
   2016 WL 7601903 at *7 (Mich. Ct. App. Dec. 29, 2016).................................... 5

*McLaughlin v. Taylor Univ.*,
   No. 23-00527, 2024 U.S. Dist. LEXIS 272249, at *27 (N.D. Ind. Sep. 23, 2024)...... 7

*Polkowski v. Jack Doheny Companies, Inc.*
   2025 WL 3079358 at *8 (E.D. Mich. 2025) .................................................. 4, 5, 6

*Rakyta v. Munson Healthcare*,
   No. 354831, 2021 WL 4808339 at *5 (Mich. T. App. Oct. 14, 2021) ............... 4, 5

*Ray v. Swager,*
   501 Mich. 52, 63 (2017) ............................................................................................... 5

*TransUnion v. Ramirez,*
   594 U.S. 413, 424 (2021) .............................................................................................. 2

*Tumminello v. Father Ryan High Sch., Inc.*,
   678 F. App'x 281, 288 (6th Cir. 2017) .......................................................................... 5

**<u>Rules</u>**

Rule 12(b)(1)  ................................................................................................................. 1, 3, 7

Rule 12(b)(6)  ...................................................................................................................... 1, 7

**<u>Acts</u>**

Federal Arbitration Act, 9 U.S.C.A. § 1 .................................................................................. 7

Plaintiffs' response brief does nothing to cure the fundamental defect in their Complaint: the absence of any allegation of an actual, present injury cognizable under Michigan law. As Michigan Courts – both state and federal – have increasingly recognized, speculative fears of future harm, generalized inconvenience, or mitigation costs untethered to a concrete loss are insufficient to state a claim. Indeed, Plaintiffs ask this Court to ignore recent Michigan case law—which flatly reject the precise theories advanced by Plaintiffs in this case—in favor of court decisions from other jurisdictions that do not apply Michigan law and are inconsistent with Michigan precedent.

In short, Plaintiffs have filed suit on behalf of themselves and the putative class because they believe their personal information was stolen by unknown third parties as a result of the Cyberattack and are concerned a third party **_may_** misuse their information in the future. But Plaintiffs cannot base their claims for damages on the fear of potential and speculative future harm. Instead, Plaintiffs must allege that they suffered actual, present injury – which they have not done. Even assuming Plaintiffs did allege concrete, actual, and imminent injuries traceable to Manpower in order to overcome Rule 12(b)(1) (which they do not), Plaintiffs' tenuous claims certainly do not meet the threshold requirements to defeat a motion under Rule 12(b)(6). Ultimately, all of Plaintiffs' claims fail because Plaintiffs have not alleged – and cannot establish – any actual, *present* damage caused by Manpower. Plaintiffs further cannot establish their breach of contract claim because Plaintiffs allege no independent consideration; and Plaintiffs' unjust enrichment claim fails because there is no contention that Manpower retained an independent benefit and Plaintiffs' allegations do not establish inequity or injustice.

1. **Plaintiffs' Alleged Possible Future Injuries Do Not Confer Article III Standing Because They Are Not Concrete, Actual or Imminent.**

    To establish an injury-in-fact, the alleged injury must be an invasion of a legally protected

interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). Where a plaintiff seeks to establish imminence based on a risk of future harm, the threatened injury must be "certainly impending" or there must be a "substantial risk" it will occur. *Id.* To satisfy the concreteness requirement, the future harm must have a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts. *TransUnion v. Ramirez*, 594 U.S. 413, 424 (2021).

Critically, in a suit for damages, the mere risk of future harm, without more, is insufficient to demonstrate Article III standing. *TransUnion,* at 436–37; see also *Driehaus*, 573 U.S. at 158) (holding that a future injury constitutes an Article III injury in fact only "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur."). A plaintiff must demonstrate that "the risk of future harm materialized," or the exposure to that risk caused "some other injury." *TransUnion*, 594 U.S. at 437. "Allegations of possible future injury" or even an "objectively reasonable likelihood" of future injury are insufficient to confer standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013). Plaintiffs cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending. *Clapper*, 568 U.S. at 416; *see also e.g., Brooke v. People Bank,* 732 F. Supp. 3d 765, 766 (S.D. Ohio 2024) ("Plaintiffs have not pleaded facts from which the Court could find that the risk of a [] data breach is substantial and imminent.").

Here, Plaintiffs' response simply regurgitates legal principles in support of vague allegations of future injuries. Plaintiffs do not make any allegations that an unauthorized third party purposefully obtained theirs or the putative class members' data. Nor do Plaintiffs allege that any part of the compromised dataset has been misused or that any third party has used Plaintiffs'

2

personal information to fraudulently withdraw money, obtain a credit card, take out a loan, or otherwise assume their identity. Plaintiffs do not allege any monetary loss whatsoever.

Consistent with the Supreme Court's ruling in *Clapper*, 568 U.S. 398, 410-416, Plaintiffs cannot create standing from this "highly attenuated chain of possibilities" merely by inflicting harm on themselves based on fears of *hypothetical future harm that is not certainly impending*. In sum, Plaintiffs have not shown a substantial risk of future identity theft or fraud and have not alleged they incurred any expense as a result of the Cyberattack in order to confer Article III standing. In accordance with well-established Supreme Court precedent, Plaintiffs' Complaint should be dismissed under Rule 12(b)(1) because Plaintiffs' alleged possible future injuries are not concrete or imminent and there is no substantial risk Plaintiffs' injuries will occur.

**2. Plaintiffs Fail to Satisfy Michigan's Present-Injury Requirement in Support of Their Negligence and Negligence *Per Se*[1] Claims.**

Very simply, Michigan law requires the injury complained of in a negligence action to be an actual, present injury.[2] Plaintiffs do not allege any facts showing that they have suffered an actual, present injury in the form of identity theft, let alone identity theft that can be directly traced to Manpower's conduct regarding the Cyberattack. Instead, Plaintiffs' allegations involve possible future injuries and the prophylactic measures that they and the potential class members might reasonably take to prevent or mitigate the potential future injuries. Michigan does not recognize Plaintiffs' claims for "loss of privacy" or the "publication" of their personal identifying

---

[1] Michigan law does not subscribe to the negligence *per se* doctrine as an independent tort. At any rate, Plaintiffs' complaint falls short of plausibly demonstrating that (1) Plaintiffs suffered "actual" and "present" injuries, or (2) that the Cyberattack factually caused those supposed injuries.

[2] Plaintiffs' reliance on *Kingen* and *Lochridge* is misplaced. Those unpublished cases involved injuries that had already occurred (*i.e.*, personal information was already used to fraudulently open an account and apply for a loan). The allegations from Plaintiffs' Complaint do not remotely rise to that level.

3

information alone as forms of compensable injury. *See generally In re Grede Holdings LLC Data Breach Litigation*, Case No.: 25-cv-10831 (E.D. Mich. February 12, 2026) (Judge Robert White),[3] and *Nyman v. Thomson Reuters Holdings, Inc.*, 329 Mich. App. 539, 553 (2019) (rejecting the theory that "the release of information itself" or the "the invasion of privacy in and of itself damaged the plaintiff and the other patients whose information had been disclosed" in a data breach). The same goes for the other "actual" and "present" harms alleged in Plaintiffs' Complaint. *Rakyta v. Munson Healthcare*, No. 354831, 2021 WL 4808339 at *5 (Mich. Ct. App. Oct. 14, 2021) (holding that "the unauthorized viewing of confidential information does not by itself reduce the value of the information."); *see id.* at *5 (rejecting the argument that "allegations of damages arising from emotional distress or anxiety about a potential future injury were sufficient to save a claim from summary disposition."). And, as established by *Doe,* all the general allegations regarding Plaintiffs' "anxiety" and the time and effort that Plaintiffs allegedly spent "mitigating the materialized risk and imminent threat of identity theft" are "wholly derivative of a *possible, future* injury rather than an *actual, present* injury," and are not actionable under Michigan law. 308 Mich. App. at 601 (emphasis added).

Plaintiffs' Complaint contains no allegations that Plaintiffs themselves are victims of identity theft or fraud. Taken together, none of the averments in the Complaint plausibly establish that plaintiffs suffered "actual" and "present" injuries. *Polkowski v. Jack Doheny Companies, Inc.*, 2025 WL 3079358 at *8 (E.D. Mich. 2025) (holding that the "disclosure of stolen information alone is not a present injury if no actual identity theft resulted from the disclosure."). Furthermore, both factual and proximate causation are necessary to prevail in a Michigan negligence action.

---

[3] Manpower cites this unpublished opinion (a copy of which is attached as **Exhibit A**) as supplemental authority in direct support of its Motion. The *Grede* opinion was published after Manpower filed its Motion.

4

*Craig v. Oakwood Hosp.*, 471 Mich. 67, 86-87 (2004). Factual causation requires a "showing that 'but for' the defendant's actions, the plaintiff's injury would not have occurred." *Ray v. Swager*, 501 Mich. 52, 63 (2017) (quotation omitted). Proximate causation "involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Id.* (quotation omitted). Courts "must find that the defendant's negligence was a cause in fact of the plaintiff's injuries before it can hold that the defendant's negligence was the proximate or legal cause of those injuries." *Craig*, 471 Mich. at 87.

Here, Plaintiffs cannot satisfy the factual causation prong. Plaintiffs' Complaint omits any plausible allegations that "but for" the data breach any alleged injuries "would not have occurred." *In re Grede Holdings LLC*, Case No.: 25-cv-10831 at pp. 7-8, citing *Ray*, 501 Mich. at 63; *see also Tumminello v. Father Ryan High Sch., Inc.*, 678 F. App'x 281, 288 (6th Cir. 2017) (affirming dismissal of a state law negligence claim where the complaint contained insufficient allegations to plausibly establish causation). And the alleged temporal proximity between the data breach and the alleged "injuries" is insufficient to plausibly establish a causal link. *Lund v. Travelers Indem. Co. of Am.*, 2016 WL 7601903 at *7 (Mich. Ct. App. Dec. 29, 2016) ("Showing only a temporal relationship is generally insufficient to create a fact issue on a necessary causal link between a plaintiff's accidental injury and subsequent complaints and treatments."); *see also Craig*, 471 Mich. at 93 ("It is axiomatic in logic and in science that correlation is not causation."). In accordance with *Henry*, *Doe*, *Nyman*, *Rakyta*, *Saker, Canterbury, Polkowski, Rodriguez*, and *Grede*, among others, because Plaintiffs' Complaint lacks sufficient allegations of "actual" and "present" damages, as well as factual causation. Plaintiffs cannot "nudge" their negligence claim "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Plaintiffs claims under Counts I and II must be dismissed.

37690362.1

3.  **Plaintiffs' Breach of Contract Claim is Invalid for Lacking Consideration.**

Even assuming the existence of a mutuality of agreement between the parties – *i.e.*, that Plaintiffs provided their personal identifying information to Manpower in exchange for employment-related services and an implied assurance that their personal information would be protected (which Manpower does not concede) – Plaintiffs cannot point to an independent source of consideration for this promise beyond their express employment-related services relationship. *In re Grede Holdings LLC*, Case No.: 25-cv-10831 at pp. 9-10, citing *Polkowski*, 2025 WL 3079358 at *10; and *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003) (stating that "a contract will be implied only if there is no express contract covering the same subject matter."). Because Plaintiffs' "provision of [personal identifying information] was merely incidental to their employment" it "cannot serve as consideration for a separate agreement to safeguard that data." *Polkowski*, at *10. For this reason, Plaintiffs fail to state a plausible claim for relief under an implied contractual theory and Count IV must be dismissed.

4.  **Plaintiffs' Allegations Do Not Establish an Independent Benefit Conferred.**

Similarly, Plaintiffs' unjust enrichment claim is unsupported by law or fact and must be dismissed. Plaintiffs make no assertion that Manpower retained an independent benefit from them. *In re Grede Holdings LLC*, Case No.: 25-cv-10831 at pp. 11-12; see also *Landstar Express Am., Inc. v. Nexteer Auto. Corp.*, 319 Mich App 192, 205 (2017). Plaintiffs' Complaint does not assert that Plaintiffs provided their personal identifying information to Manpower as a benefit independent and apart from the consideration already supporting their employment-related services relationship. Any benefit Manpower received from maintaining Plaintiffs' information was merely incidental or derivative to the parties' relationship and cannot be said to have been conferred directly by Plaintiffs, as required by law. *Polkowski*, 2025 WL 3079358 at *11 (citing

*Lochridge v. Quality Temporary Services, Inc.*, 2023 WL 4303577 at *7 (E.D. Mich. 2023); *see also Johnson v. Nice Pak Prods.*, 736 F. Supp. 3d 639, 652 (S.D. Ind. 2024) (dismissing Indiana law unjust enrichment claim because the plaintiffs failed to allege in a data breach case that "Defendants benefited from the PII information other than as incidental to benefitting from Plaintiffs' compensated labor."); *McLaughlin v. Taylor Univ.*, No. 23-00527, 2024 U.S. Dist. LEXIS 172249, at *27 (N.D. Ind. Sep. 23, 2024) (same). Absent this showing – that the personal identifying information plausibly conferred an independent benefit on Manpower – the unjust enrichment claim cannot succeed and Count V must be dismissed.

**5. The Federal Arbitration Act Requires that Plaintiffs Brooks, Harmon, and Doublin Be Dismissed Based on their Unambiguous Agreements to Arbitrate.**

In the event the entirety of Plaintiffs' Complaint is not dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and or 12(b)(6), there can be no question that Plaintiffs Brooks, Harmon, and Doublin must be dismissed from this case pursuant to the Federal Arbitration Act, 9 U.S.C.A. § 1, *et seq.*, and the respective Arbitration Agreements they entered into with Manpower as a condition of their employment. Despite Plaintiffs' misguided claim that the "data breach claims fall outside the scope of the [Arbitration Agreements]," the Arbitration Agreements unequivocally state that binding arbitration shall be the ***sole remedy for any and all disputes arising between them, of any kind or type*** – and that they shall arbitrate any disputes on an individual basis only and not on a class action or collective basis. This ends the inquiry. If any part of the Complaint survives, Plaintiffs Brooks, Harmon, and Doublin must be dismissed. For the foregoing reasons, Defendant Manpower of Lansing, MI, Inc. respectfully requests this Court dismiss Plaintiffs' Complaint in its entirety.

Dated: March 9, 2026,  Respectfully Submitted,
/s/ Timothy J. Lowe
Timothy J. Lowe (P68669)
Mitchell A. Capp (P84197)
*Counsel for Manpower of Lansing, MI, Inc.*

7

37690362.1

## CERTIFICATE OF COMPLIANCE WITH W.D. MICH. LCIVR 7.2(B)(II)

Pursuant to Local Civil Rule 7.2(b)(i), Manpower of Lansing, Michigan, Inc.'s Reply Brief in Further Support of its Motion to Dismiss Plaintiffs' Complaint and/or Compel Arbitration does not exceed 10,800 words, including headings, footnotes, citations and quotations. Microsoft Word 2016 was used to generate a word count for the above-mentioned Brief of approximately 2265 words.

                                                */s/ Timothy J. Lowe*
                                                Timothy J. Lowe (P68669)
                                                *Counsel for Manpower of Lansing, MI, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 9, 2026, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

                                                             */s/ Timothy J. Lowe*
                                                             Timothy J. Lowe (P68669)
                                                            *Counsel for Manpower of Lansing, MI, Inc.*

37690362.1